UNITED STATES DISTRICT COURT
FILED
MAR 30 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

United States District Court
Western District of New York
Niles, Paul
Plaintiff,

AMENDED COMPLAINT

23-CV-972(JLS)
V.
Daniel F. Martuscello, Acting Commissioner,
Earnest J. Lowerre, Superintendent, D.S.S. Delmar, Lieut. J. Wade,
Sgt. Pierce (Sgt. P) ., C.O. Jon Doe 1, C.O. Jon Doe 2, C.O. Jon Doe 3, C.O. Jon Doe 4, C.O. Jon Doe 5, Nurse Medical Technician. Meleine (Nurse M).
Defendants,

PLAINTIFF ALLEGATIONS

On Aug.29,2023 In Mental Health Unit Dorm Day Room Five Pts. Sgt Pierce. Informed Plaintiff That He Had To Provide DNA Sample Buccal Swab and Fingerprints. Purs. To Court Order. When Plaintiff Responded He Had Right To Refuse Sgt P. Expressed Fear That He'd Lose His Honor Be Demoted If He Did Not Obtain Sample Ordered By His Supervisors.

Aug. 30th, 2023 Approx.11am Sgt. P. and Lieut. W. Told Plaintiff Their Supervisors Superintendent and Acting Commissioner Ordered The Wrongful Acts. Placing Plaintiff In Fear. Sgt P. Directed Plaintiff Exit Cell. Sgt. P. Transported Plaintiff In Wheelchair. To Mental Health Unit Dorm Day Room Area.

When Plaintiff Refused Sgt. Pierce ordered C.O. Jon Does' 1-5 Remove Plaintiff From Wheelchair. Plaintiff Was Placed In Restraint By C.O. Jon Does 1-5 And Straps And Handcuffed Were Applied To His Ankles And Wrist Excessively Tight. Plaintiff Squeezed His Hand Closed Tightly C.O. Jon Does' 1-5 Used Excessive Force Upon Plaintiff fingers, wrist, arm and hand.

While Sgt. P. bent Plaintiff Index Finger Backwards Deliberately To Cause Pain And To Force Him To Provide Blood Dna Sample Sgt. P. Told Nurse M. (Med Tech.) To Pick A Finger You Want To Get Blood. Nurse. M. Deliberately Stabbed Plaintiff Finger With Sharp Object To Obtain Blood Without Plaintiff Consent.

Plaintiff Requested Nurse M. To Medically Assist Plaintiff. For Extreme Nerve Pain Routing From Fingers to wrist and armsRouting To Chest Causing Heart Pain. Nurse M. Ignored Plaintiff. Nurse M. Walked Off. Nurse M. Acted wantonly and sadistically with deliberate indifference requisite mind.

Due to the Fact, She heard Plaintiff Screaming and Witness Use Of Force In Progress. Walked Off Unconcerned about Plaintiff Medical Needs In Her Custody.

Plaintiff Protested To Defendants He Was Refusing. To Submit To DNA Sampling. In Re. To Wrongful Conviction and Imprisonment. To Prove A Critical Factor. To The State Of NY and FBI and Now This Hon. Dist. Ct. That NY County A.D.A. Falsified To The Court . Plaintiff Was Already In The DNA Index System To Link Him To Crime.

Plaintiff Sues All Defendants Individual Capacities Seeking 1.5 In Damages. A Declaratory Judgement Expunging His Name All DNA Samples and Fingerprints From NYS DNA Index System. A Federal Investigation Confirming Wrongful Conviction Of Imprisonment. Further Immediate Release From NYS DOOCS Custody.Plaintiff U.S. Const. 8th Amend. Claim Denial Of Medical Care.

In, Burroughs U.S.Dist. Ct., N.D. N.Y. Held: "Prison Inmate Adequately Pleaded 8th Amend. Medical Indifference Claim Against Prison Nurse; Inmate Alleged That He Arrived At Prison After Transfer With Blood On His Neck And Clothes And Cuts On His Wrist, Could Not Speak,Requested Treatment,Nurse Ignored His Condition Because He Complained That He Was Assaulted By Corrections Officer". U.S. Const. Amend. 8; 42 U.S.C.A. § 1983.

As In Burroughs, Plaintiff Here Requested Treatment, Nurse M. Ignored Plaintiff Screams and Complaint For Extreme Wrist Arm And Chest Nerve Pain. From Excessive Force On His Fingers Wrist And Arm By Her Co-Wk's (C.O. Jon Does' 1-5 and Sgt P. ) Nurse M. saw herself.

In Estelle, U.S. S.Ct. Ruled "Deliberate Indifference To A Prisoner's Serious Medical Needs Is Cruel And Unusual Punishment.
Infliction Of Unnecessary Suffering On Prisoner By Failure To Treat His Medical Needs Is Inconsistent With Contemporary Standard Of Decency and Viol. The U.S.Const. Amend. 8.
Common Law " Its the Public Required To Care For The Prisoner, Who Cannot By Reason Of The Deprivation Of His Liberty, Care For Himself. Estelle V. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251

Plaintiff Asserts:
1. When Nurse M. Stab Niles Fingers. Nurse M. Thought Carefully About Mr Niles Medical Needs. While Niles Screamed For Pain When Sgt. P. Bent Plaintiff Fingers. While Extraction Team (C.O. Jon Does' 1-5) twisted Niles Arm Wrist And Fingers.

2. Niles Experienced Extreme Nerve Pain. In Fingers Arm,Wrist and Chest. Upon Plaintiff "Urgent Request For Medical Care". Nurse M. Showed Deliberate Indifference. Failing To Care For Niles Pain. Or Provide Treatment. When Milini Walked Away Ignoring Plaintiff.

3. So Why, Should Nurse M. Not Be Held Liable For Depriving Plaintiff U.S. Const. 8th Amend.Rights.

4. A). **<u>Plaintiff Shows 1st Factor Here:</u>**

1). The Defendant Participated Directly In The Alleged Const. Viol. Under 42 U.S.C.A. § 1983. So Why Should Each Defendant Not Be Held Liable For Depriving Plaintiff Of U.S. Const. 8th and 4th Amend.?or The Following Factors Below:
In Mazyck V. Keller U.S. Dist. Ct., W.D. N.Y. Held "Inmate Wrote A Letter Informing Deputy Superintendent. To Prevent Prison Officials From Violating His Const. Rights"

B). **Plaintiff Shows 2nd Factor Here How:**

2). The Defendant, After Being Informed Of the violation. Through A Report Or Appeal, Failed To Remedy The Wrong.
Here, Plaintiff Informed, Defendants Martucello, and Loweree By Writing Grievances, and Letters To Superint, Commissioner.
Plaintiff Verbally Reported By Protesting To Pierce, Wade And C.O. Jon Does' 1-5 Using Excessive Force "Not To Deprive Plaintiff Of His U.S. Const. 4th and 8th Amend. Rights.

So, Why Should The Following Defendants: Commissioner, D.S.S., Lieut. and Sgt. Jon Does' 1-5 ; Not Be Found Liable ?

The Plaintiff Asserts, The Defendants Were Personally Involved;
When Supervisors (Defendants) Were Deliberately Indifferent Authorizing C.O.Jon Does' 1-5 To Use Excessive Force.

Defendants Authorization. Caused Defendants To Be Participants. When Jon Does' 1-5 Took Action In Used Of Deadly Force Based On Defendants Authorization.'
Page (1)

Page (2)
C.O. Jon Does' 1-5. In Requisite State Of Mind Knew Plaintiff Was Protesting U.S. Const. 4th Amend. Rights To Refuse Providing Dna Sample and On Video/Audio

C.O. Jon Does' 1-5 Deliberately Showed Indifferences, By Ignoring Plaintiff Const. Rights and Recklessly Pulling Plaintiff Out His Wheelchair, (Using Excessively Tight Restraints, Strapping Plaintiff Down Viciously;Twisting Plaintiff Wrist Arm Hand And Fingers Causing Nerve Pain And Suffering). So, Why Should Defendants Not Be Found Liable?

For Personal Involvement, In Depriving Plaintiff Of His Right To Right To Be Free From Cruel And Unusual Punishment. U.S. Const. 8th Amend.So,Why Should Defendants Not Be Found Liable. For Personal Involvement, In Depriving Plaintiff Of His Right To Refuse Unlawful Search And Seizure For DNA Without His Consent. Under U.S. Const. 4th Amend.

**Plaintiff Shows 3rd Factor Here How:**

3). {The People Of The State Of NY Represented In Senate and Assembly (Defendant) Created A Policy Or Custom, Enacted §1. Sub.Div. 7 Of Sec.995 Of The N.Y.S. Exec. Law

Under Which Unconstitutional Practices Occurred, Or Allowed The Continuance Of Such A Policy Or Custom}

Plaintiff Asserts The People Of The State Of NY Actions In Enforcing Policy and Law To Subject A Designated Offender Or Plaintiff Whose Wrongly Convicted To Provided His Confidential Genetic Info. For NYS DNA Index System, Without Plaintiff Consent. Deprived Plaintiff To Enjoy His Rights Under U.S. Const. 4th Amend. and NY CIV. RTS.§ 79-L.Confidentiality Of Records Of Genetic Tests.So Why Should The People Of The State Of NY Represented In Senate and Assembly, not be held liable In Violation. Of Plaintiff Rights Under U.S. Const. 4th Amend.?

See. Mazyck V. Keller U.S. Dist. CT., W.D.N.Y.,Mar. 31, 2021 531 F.Supp.3d 630 "Inmate Adequately Alleged That Prison's Deputy Superintendent. Was Personally Involved".

In Schmerber V. U.S. S.Ct. Justice Fortas Held;
"I Would Reverse. In My View, Petitioner's Privilege Against Self-Incrimination Applies. I Would Add That, Under The Due Process Clause, The State, In Its Role As Prosecutor, Has No Right To Extract Blood From An Accused Or Anyone Else, Over His Protest. As Prosecutor, The State Has No Right To Commit Any Kind Of Violence Upon The Person, Or To Utilize The Results Of Such A Tort, And The Extraction Of Blood, Over Protest, Is An Act Of Violence .384 U.S. 757 86 S.Ct. 1826 16 L.Ed.2d 908.

PLAINTIFF LEGAL THEORY FOR THE FOLLOWING BELOW:
U.S.C. 8TH. AMEND. Violation EXCESSIVE FORCE CLAIM
In Hudson The U.S. S.Ct Held Excessive Force Upon A Prisoner Constitute Cruel and Unusual Punishment Even Though If Prisoner Do Not Suffer Serious Injury . See (Hudson V. Mc Millian, S.CT.,U.S.,FEB.25,1992,503,U.S.112).

Here The Plaintiff Indicates During Use Of Force. Sgt.P. C.O. Jon Does (1-5) Deliberate Indifference Actions Injured Plaintiff. Bending Fingers Twisting Hand, Wrist, Arms In Excessively Tight Restraints Causing Extreme Nerve Pain Routing To Chest Causing Heart And Chest Pain. Disrupting Daily And Nightly Functions Affecting Blood Pressure and Enjoyment Of Life!

Plaintiff Indicates How, Nurse M. Deliberate Indifference Actions Injured Plaintiff When Nurse M. Force Blood To Come Out. When Stabbing Plaintiff In Fingers With Sharp Device Causing Extreme Nerve Pain Routing From Hands To Arms To Chest Causing Heart And Chest Pain. Disrupting Daily And Nightly Functions Affecting Blood Pressure Level Affecting Sleep and Enjoyment Of Life!
U.S.C. 4TH. AMEND. VIOLATION SEARCH and SEIZURE CLAIM

In Birchfeild U.S. S.Ct. Justice Held; The Fourth Amend. Prohibits Unreasonable Search Seizure and Established Taking Of Blood Samples. See. Birchfeild v. North Dakota, S.CT.,U.S.,June 23,2016,579,438).

Here, Plaintiff Protested To Defendants Taking Plaintiff DNA Without His Consent Will Violate Plaintiff Rights Under 4th. U.S.C.A.
This Court Must Note The Plaintiff Right To Expectations Of Privacy. In Re.To.(Dna Info. Genetic Confidential Material); Must Not Be Minimized Due To Plaintiff Being In States Custody. But Minimized To Cell Searches and Patdowns For Prison Safety Policy.

HERE, Plaintiff Shows The Defendants Search and Seizure For Plaintiff Blood Wasn't To Satisfy NYS DOCCS Prison Safety Policy!

So Why, Must The Defendants Not Be Found Liable In Violation Of Plaintiff Us Const 4th. Amend. Rights.?
So Why Must This Court Not Apply the Same Remedy Here As In Birchfeild?

U.S.C. 8th. AMEND. VIOLATION DENIED PLAINTIFF MEDICAL CARE

1).Already On File With This Court. Plaintiff Mailed In Copies Of Five Points Correctional Sick Calls Request Plaintiff Complaints About Extreme Nerve Pain In Finger Wrist Hand Arms Chest And Heart.

2).,Plaintiff Wasn't Never Medically Evaluated Or Treated, Or Given MRI. Eventually 1-2yrs. Later Plaintiff Received Pain Ointments, Nerve Pain Medications, Ibuprofen Unable To Provide Relief. As a result, Plaintiff Daily and Nightly Functions Have Been Disturbed. Plaintiff Sleep Has Been Interrupted. Plaintiff Breathing and Blood Pressure Level Has Been Affected. Plaintiff Ability To Write, Type, Grab, Sensation, Hands and Arms Pausation Ect. Has Been Affected.

Here, Plaintiff Has Shown Five Points Health Services Deliberate Indifference Ignoring Plaintiff Sick-Calls For Urgent Serous Medical Needs For 1-2yrs. So Why, Must Nurse.M. Or Five Points Health Services Employees (Jon Doe Or Jane Doe) Who Review Sick Calls. Not Be Found Liable In Violation Of Plaintiff Rights Under U. S.C. 8th Amend. ?

In, Hogan Justice Held; Federal Civil Rights Action Against Police Officers, Police Chief And City For Injuries Sustained When Officers Used Excessive Force And Denied Him Medical Attention After He Resisted Supported $200,000 Compensatory Damage Award For Permanent Physical Injuries, Denial Of Medical Treatment And Pain And Suffering; Injuries Included Extended Nerve Damage And Permanent Loss Of Sensation In One Hand,Severe Bruising, Abrasions, Lacerations, Fear Of Police, Fear Of Being Arrested And Put In Similar Situation, Inability To Sleep, Nightmares, Flashbacks And Cold Sweats.Hogan V. Franco United States District Court, N.D. New York. September 18, 1995 896 F.Supp. 1313

Here, Plaintiff Experience Similar Treatment As In Hogan. So Why Must This Court Not Apply Same Awarded Damages As In Hogan Caselaw Above?

In, Pfail A Jury's Awarded $1,860,000 In Compensatory Damages, After Finding Police Department And Police Officers Liable For Engaging In Excessive Force, Pfail V. County Of Nassau U.S. Dist. Ct, E.D. N.Y. Nov. 13, 2025 F.Supp.3d .

So Why Must This Court Not Find Each Defendants Liable For Deliberate Indifference Actions. Physically Injuring and Injuring Plaintiff By Violating His U.S. Const. 4th and Amend.Rights And Award Plaintiff In Monetary Damages In Sum Of $1.5mil. As In Pfail Court Above With Respect To This Matter?

**PLAINTIFF REQUESTS AWARDED DAMAGES FOR THE FOLLOWING:**

Plaintiff Permanent Pain and Suffering Physical Injuries. Includes; Extreme Nerve Pain In Plaintiff Hand Wrist, Fingers And Arms Transferring To Chest Causing Day and Night Chest Pain From:

A). Sgt P. Bending Plaintiff Fingers. Without Plaintiff Consent

B). C.O. John Does' 1-5 Use Of Force Upon Plaintiff Hand Wrist And Arm And Fingers Without Plaintiff Consent.

C). Plaintiff Excessively Tightly Strapped And Viciously Restraint To Restraint Chair By C.O. Jon Does' 1-5

D). Nurse M. Recklessly Stabbing Plaintiff Finger With Sharp Device.

E). Pain And Suffering Reasonably Likely To Occur In The Future.

F). "Phantom Pain" And Other Subjective Pain Not Readily Apparent To Layperson

**Mental Anguish**

- Fright And Shock
- Anxiety, Depression, And Other Mental Suffering Or Illness
- Anxiety As To Future Disease Or Condition
- Physical Injuries Caused By Mental Anguish
- Harm From Loss Of Sleep
- Sexual Dysfunction
- Past And Future Impairment Of Ability To Enjoy Life

**ANTICIPATED FUTURE EXPENSES**

- Loss Of Past And Future Earnings
- Actual Loss Of Wages Or Salary
- Loss Of Existing Vocational Skill

- Loss Of Capacity To Earn Increased Wages

See., Hogan V. Franco
United States District Court, N.D. New York. September 18, 1995 896 F.Supp. 1313
Federal Civil Rights Action Against Police Officers, Police Chief And City For Injuries Sustained When Officers Used Excessive Force And Denied Him Medical Attention After He Resisted Supported $200,000 Compensatory Damage Award For Permanent Physical Injuries, Denial Of Medical Treatment And Pain And Suffering; Injuries Included Extended Nerve Damage And Permanent Loss Of Sensation In One Hand,Severe Bruising, Abrasions, Lacerations, Fear Of Police, Fear Of Being Arrested And Put In Similar Situation, Inability To Sleep, Nightmares, Flashbacks And Cold Sweats.

Form 7. Declaration Of Inmate Filing,

United States District Court
Western District New York.
Niles, Paul
Plaintiff,

AMENDED COMPLAINT

23-CV-972(JLS)
V.
Daniel F. Martuscello, Acting Commissioner,
Earnest J. Lowerre, Superintendent, D.S.S. Delmar, Lieut. J. Wade,
Sgt. Pierce (Sgt. P) ., C.O. Jon Doe 1, C.O. Jon Doe 2, C.O. Jon Doe 3, C.O. Jon Doe 4, C.O. Jon Doe 5, Nurse Medical Technician. Meleine (Nurse M).
Defendants,

I Am Niles, Paul An Inmate Temporary Confined At Five Points Correctional Facility In Romulus, NY, Zip 14541. Today, March 26, 2026, I Am Depositing The (AMENDED COMPLAINT For 42 U.S.C.A. § 1983 Under 23-CV-972(J.L.S.) InThe Five Points Correctional Facility In U.S. Postal Service Mailbox.

I Declare Under Penalty Of Perjury That The Foregoing Is True And Correct (See 28 U.S.C. § 1746 18 U.S.C. § 1621).

NILES, PAUL
Signed On March 26, 2026